The County of Pike, plaintiff in error, *vs.* Lucius G. Hosford, defendant in error.

*Error to Pike.*

Counties are not liable to pay interest on their contracts, except in pursuance of an express agreement to do so.

This action was commenced March 7th, 1849. The form of the action was debt. The cause of the action was a contract made March 6th, 1848, between Hosford and The County of Pike, by which Hosford agreed to build a bridge for Pike county. In consideration of which, the county agreed to pay Hosford $779, when the bridge should be completed and received by the county; which was to be on or before the first of January, 1849. A demurrer was filed to the declaration; and at the

April term, 1849, by agreement, the matters of law and fact were tried by Minshall, Judge, who found for the plaintiff.

The bill of exceptions, presents these facts : 1. The making of the contract, as alleged in the declaration. 2. That the bridge was built according to the stipulations of the contract. 3. That two of the commissioners of Pike county received the bridge, November 9th, 1845, during a vacation of the County Commissioners' Court. 4. That on the 7th November, 1848, the county paid Hosford $ 220, on the contract. 5. That at December term, 1848, Commissioners' Court of Pike county, by an order entered of record, directed their clerk to draw orders on the county treasurer, in favor of. Hosford, for the sum of $ 559, the balance of principal on said contract. 6. That the clerk did accordingly draw said orders ; but Hosford refused to receive them, " unless they were payable with legal interest." 7. That no demand was ever made by Hosford for said orders. 8. That on the 6th March, 1849, there was sufficient funds in the treasury to pay said orders.

R. S. BLACKWELL, for the County:

1. The revenue of counties is raised by taxation. R. S., 133, sec. 25. They have no power to borrow money. Law 1845, p. 352. The revenue of counties is received, kept and disbursed by the county treasurer. R. S., 138, sec. 4, 5, 7 and 9 ; R. S., 139, sec. 10. The County Commissioners' Court can reach the county funds in no other manner, than by appropriating the same and drawing an order on the treasury. R. S., 138, sec. 6; 133, sec. 20, 26 ; 134, sec. 32. The power of the county to raise revenue, the extent of her means, and the manner in which her disbursements are made, are within the knowledge of persons contracting with the county, and they are presumed to contract with reference to those facts. 1 Scam., 72. Again, the law having pointed out the manner in which the county is to contract, and the manner in which she is to perform her engagements, this law enters into and forms a part of all contracts entered into with the county. Reynolds vs. Hall, 1 Scam., 35. And again, by the usage of counties, they draw orders on the treasury in payment of their debts, and this usage is to be regarded in the construction of all contracts entered into by a county. Robinson vs. Fiske, 25 Maine R., 401 ; Varner vs. Nobleborough, 2 Greenleaf, 126.

County orders are recognized by law as valid. R. S., 133, sec. 20 and 26; 134, sec. 32; 136, sec. 46–7; 138, sec. 4; 139, sec. 13; 141, sec. 23; 163, sec. 73; 438, sec. 9. If illegal, county commissioners are liable to indictment. R. S., 175, sec. 136. Therefore, when a county tenders to her creditor an order on the treasury, this is all that can be reasonably required by the creditor. 2. It is then the duty of the creditor to present his order to the treasury; if payment is not made, the county is then in default, and he can recover interest on the order from the time of presentment. But in no other case is the county bound to pay interest on her outstanding orders. Madison County *vs.* Bartlett, 1 Scam., 67; Robbins *vs.* Lincoln County, 3 Mo. R., 57; Varner *vs.* Nobleborough, 2 Greenleaf, 121.

WILLIAMS & LAWRENCE, for Hosford:

It is apparent from the record that the only question in litigation between the parties is, whether a county is liable to pay interest for money due from it, on a bond for the payment of money, from the time it becomes due till it is paid. This is a suit on such bond, and by its terms, the county was to pay the defendant $775, when a certain bridge should be completed by him, and received by the said commissioners; and it is admitted, that it was so completed and received on the 9th day of November, 1848.

By the laws of the state, counties are made bodies politic and corporate, with the capacity to contract, and to sue and be sued. It is not contended that the contract sued on is not valid and binding. By its terms and legal effect, then, the county was bound to pay the defendant the price of the bridge, on the 9th day of November, 1848, and having failed to do so, the defendant's right of action accrued, unless the county can claim an exemption from the operation of those laws which are binding upon other delinquent debtors. It is subjected to suit, without any designation of the causes for which it may be sued; and of course these are left to be determined by the principles of the common law, and the general laws of the state. Nor do we find in those laws any thing exempting counties from the performance of their contracts. It is obvious, then, that the county was liable to be sued for the money due by said bond, and the only remaining question is, whether it was bound to pay interest from

the time the bond became due. The statute provides, that " creditors shall be allowed to receive interest at the rate of six per centum per annum, for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing," &c. In this case the defendant is a " creditor;" the money sued for was due to him " on a bond," on the 9th day of November, 1848. His case, then, is within the express letter and spirit of the statute. There is no exception to the right of such a creditor to receive interest, unless it is to be raised by implication; and one authority is relied on, which, by a dictum of the Judge in delivering the opinion, gives countenance to the idea that such exception is to be implied in cases like this, from the sovereign character of counties. Whilst it is conceded that the decision of that case may be corrected, it is respectfully submitted, that the dicta of the learned Judge cannot be sustained, either upon principle or authority. In Cohens *vs.* Virginia, 5 Pet. Cond. R., 112, Chief Justice Marshall says: " It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connexion with the case in which those expressions are used., If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision." In this case it was also contended, that an exception was to be implied, on account of the character of one of the parties. Judge Marshall, in stating the point, says: " The first question to be considered is, whether the jurisdiction of this Court is excluded by the character of the parties, one of them being a state, and the other a citizen of that state." 5 Pet. Con. R., 100. He proceeds to say, " the jurisdiction of the Court, then, being extended by the letter of the constitution to all cases arising under it, or under the laws of the United States, it follows that those who would withdraw any case of this description from that jurisdiction, must sustain the exemption they claim, on the spirit and true meaning of the constitution; which spirit and true meaning must be so apparent as to overrule the words which its framers have employed." " After bestowing on this subject the most attentive consideration, the Court can perceive no reason founded on the character of the parties for introducing an exception which the constitution has not made; and we think that the judicial power, as originally given, extends to all cases arising

under the constitution or a law of the United States, whoever may be the parties." 5 Pet. Cond. R., 108. In the county of La Salle *vs.* Simmons, 5 Gilman R., this Court took the same sensible view of our interest law, and, by subjecting the county to the payment of interest, expressly repudiated its pretensions to an exemption from the operation of that law, on account of its supposed sovereign character. The Supreme Court of Missouri seem to have taken the same view. 3 Missouri R., 57; and there are many other cases the same way.

The plaintiff, it is admitted, owed the defendant the money sued for by bond; that it was due on the 9th of November, 1848; that they have not paid or offered to pay it. The law provides that every creditor may sue for and recover money when it is due, with interest from the time it becomes due. It does not exempt counties which fail to pay their debts from this liability; and there is nothing in their character from which such exemption can be implied.

Mr. WILLIAMS, in the course of his argument suggested that if the Court intended to adhere to what was stated in the opinion of the Court in the case of Barnes *vs.* Barber *et al.,* 1 Gilman, 401, he would ask the benefit of that opinion, and asked the Court to refuse to entertain this cause for the reason that the defendant in the Court below did not interpose a motion for a new trial. Mr. BLACKWELL was about to reply to this objection, and was stopped by the Court. The CHIEF JUSTICE stated that when a cause was submitted to the Judge for trial, it was not necessary that a motion for a new trial should be interposed, in order to bring the cause to this Court.

Opinion by TREAT, C. J.:

In March, 1848, an agreement was entered into between Hosford and the county commissioners of Pike county, by the terms of which, the former was to erect a bridge on or before the first of January thereafter, and the latter were to pay him $779, when the bridge should be finished and accepted. The sum of $220 was paid to Hosford on the 7th of November, 1848; and the bridge was completed by him, and accepted by two of the commissioners, on the 9th of the same month.

At the December term, 1848, of the Commissioners' Court, an order was entered of record, directing the clerk to draw or-

ders on the county treasurer, in favor of Hosford, for the pay-ment of $ 559; and the orders were issued by the clerk and ten-dered to Hosford, who refused to receive them, because they did not in terms bear interest.

In March, 1849, Hosford brought an action against the coun-ty of Pike, on the original contract; and the Circuit Court, on the foregoing state of facts, gave judgment in his favor for $ 559, and interest, from the day of the completion of the bridge.

That decision is assigned for error. The funds of a county are required to be kept in the county treasury, and are only to be paid out on the orders of the Commissioners' Court, or " by virtue of a law specifically directing such payment to be made." R. S., ch. 28, sec. 6. The commissioners have no authority to take funds from the treasury, and pay the same out directly to the creditors of the county. They may audit claims against the county, and direct warrants to be drawn on the treasurer for their payment. The creditor must procure an order from the Court, and present it to the treasurer for payment. This is the only mode by which he is to receive payment of his debt. Even when he recovers judgment against the county, he can only ob-tain satisfaction, through the medium of an order on the treas-urer. He is not entitled to execution on the judgment. R. S., ch. 27, sec. 20.

In no other way could Hosford obtain payment of the amount due him from the county. Before this suit was commenced, and at the first term of the Commissioners' Court held after the bridge was completed, warrants were issued and tendered him, for the balance due on the contract. He declined to receive them, because they did not bear interest on their face. The only point in the whole case is, whether the county is bound to pay interest on the balance after it became due. If it is liable to pay interest, the amount tendered was insufficient; if other-wise, the tender was sufficient, and constituted a good bar to an action on the contract. This Court, in the case of Madison County vs. Bartlett, 1 Scammon, 67, decided that counties are not bound to pay interest on county orders, in the absence of an express agreement to pay it. That decision seems to be conclusive of this case. If an order drawn on the settlement of a demand against a county, does not bear interest unless it is so expressed in the order, it is very clear that interest will not run

on an unadjusted cause of action, on which interest was not originally agreed to be paid. There is no provision of law, requiring county orders to be drawn payable with interest; and the contract between these parties did not provide that interest should be paid, after the money became due. The parties contracted with reference to the laws governing contracts made with counties, and prescribing the mode of obtaining payment. If they had designed to take this contract out of the operation of the general rule, they would have expressly stipulated for the payment of interest.

The plaintiff has no just cause of complaint against the county. The commissioners, at the earliest moment, complied with every legal obligation, for the performance of the contract, on the part of the county. They promptly tendered him all that he had any legal right to demand—all that he could obtain by a suit against the county. He ought therefore to have accepted the warrants in liquidation of his cause of action.

There is a clear distinction between the case of Madison County *vs.* Bartlett, and that of La Salle County *vs.* Simmons, 5 Gilman, 513. The former case, like the present, arose out of a contract made with a county in the course of its legitimate business transactions; and it was held, that the county was not to be charged with interest, in the absence of an agreement to pay it. . In the latter case, the county had, without authority of law, or color of right, obtained the possession of money belonging to Simmons, and detaining it against equity and good conscience, it was required to make compensation for the injury inflicted on Simmons, by the payment of interest, in the way of damages. The conclusion to be drawn from these decisions is, that counties do not pay interest on their contracts, except in pursuance of an express agreement to do so; but that in actions originating in torts, they are liable to the same extent as private persons.

The judgment of the Circuit Court is reversed, with costs.

*Judgment reversed.*