# The County of Cook
## v.
## Henry E. Lowe.

*Cook County Orders—When Void—Assignment—Effect of—Powers of Municipal Corporations—Limitation of.*

1. A municipal or quasi-municipal corporation, such as a county, can exercise such powers only as are conferred by law in express terms, or as are necessarily or fairly implied as incident to the powers expressly granted.

2. Orders or warrants, payable on demand, drawn and issued upon the County Treasurer, when there is not sufficient money in the appropriate fund with which to pay them, are invalid whether in the hands of the original holder or of an assignee.

3. A void instrument can not be given validity by assigning it, and while such assignment may not be entirely without operation between the parties to it, yet the void instrument can never itself be made the basis of a recovery at law or in equity.

[Opinion filed November 9, 1887.]

Appeal from the Circuit Court of Cook County; the Hon. Lorin C. Collins, Judge, presiding.

Appellee recovered a judgment against the County of Cook for the sum of $44,675.03, the amount of several county orders which were declared on as bills of exchange which it was alleged had been indorsed by the holders thereof and delivered to appellee. The orders were in the following form, the blanks being filled up in each particular order with the name of the person to whom it was issued and the amount and the kind of service or material for which it was issued:

No.........          State of Illinois          $.........
               COOK COUNTY ORDER.
                    Chicago,....................188..
     The Treasurer of Cook County will pay.....................
..................................................or order
...............................................Dollars
for..............................................................
Countersigned and registered................................
          Treasurer.                         Clerk.

In addition to the count upon the orders as bills of exchange the declaration contained the common counts.

The case was submitted to the court for trial upon a stipulation as to the facts as follows: "That all the county orders sued on in the above cases were issued by the proper officers of said county to the several parties named therein, upon the direction of the Board of Commissioners of said county, and after the allowance of the several claims or debts for which the said orders were issued by said Board, all of which appears by the records of the proceedings of said Board of County Commissioners, that all of said orders were issued as aforesaid for the payment of goods and materials delivered, and for the work and labor done, and that said goods and materials were delivered and said work and labor were performed; that at the time of the drawing and issuing of said orders or warrants of the County Treasurer of said county, there was not sufficient money in the appropriate funds in said treasury to pay them; that after said orders or warrants had been issued to the several persons therein named, they respectively indorsed and delivered them to the plaintiff, for a valuable consideration paid by him to each of them, and that the defendant, the County of Cook, has not paid any of the debts represented by said warrants to any of the parties therein named, or to any other person or persons, nor any part thereof."

To the finding and judgment of the court in favor of appellee exception was duly taken, and the case is brought to this court by appeal.

Messrs. E. R. BLISS and FRANCIS ADAMS, for appellant.

Mr. ELBRIDGE HANECY, for appellee.

MORAN, P. J. The authority to draw orders or warrants upon the County Treasurer, payable on demand, is expressly limited by the terms of the act approved May 31, 1879, entitled "An act to provide for the manner of issuing warrants upon the Treasurer of any county, township, city, school district, or other municipal corporation and juror's certificates."

County of Cook v. Lowe.

Section 1 of said Act is as follows: "Be it enacted by the people of the State of Illinois represented in the General Assembly : That warrants payable on demand shall hereafter be drawn and issued upon the Treasurer of the State or of any county, township, city, school district or other municipal corporation, or against any funds in his hands, only when, at the time of the drawing and issuing of such warrants, there shall be sufficient money in the appropriate fund in the treasury to pay them." Starr & C. Ill. Stat., p. 2460.

It is a well settled principle of the law that a municipal or quasi-municipal corporation, such as a county, can exercise such powers only as are conferred by law in express terms, or as are necessarily or fairly implied as incident to the powers expressly granted. Officials representing the county can act in its behalf only by authority of the statute applicable to it as a corporation, and in conformity with those statutes. The Supreme Court, in City of Springfield v. Edwards, 84 Ill. 626, said: "Those representing the city can exercise only such powers in its name and on its behalf, as are expressly conferred by its organic law; or as are incidental and necessary to carry into effect the objects of the incorporation. Much less can any power be exercised or act done which is forbidden by statute." Dillon on Municipal Corporations, Sec. 55.

The act of the Legislature above quoted, prescribing the circumstances and conditions under which warrants payable on demand might be issued, was passed in furtherance of a general public policy, which found expression in our Constitution and has been enforced by judicial decisions to restrain the loose methods and the extravagant tendencies of municipal officials in the creation of liabilities against the bodies which they represent. As was said by Mr. Justice McAllister, speaking for this court in Chicago v. Shober & C. Lith. Co., 6 Ill. App. 560, "the tendency of legislation in this State for the last decade, for reasons which must be obvious to every intelligent taxpayer, has been to hamper the powers of municipal officers and agents with the closest legal shackles practicable, in respect to incurring debts and liabilities to be paid or met by such corporations, except in the precise and guarded manner provided by law."

The statute in a guarded and precise manner prescribes the conditions under which warrants payable on demand, as were those on which this suit was brought, may be issued, and inhibits such issue, except under such conditions, and the stipulated facts show that the warrants sued on were issued when the conditions required by the statute did not exist. The statute directs that such warrants shall be drawn and issued "*only when, at the time of the drawing and issuing of such warrants, there shall be sufficient money in the appropriate fund in the treasury to pay them,*" and the stipulation admits " that at the time of the drawing and issuing of said warrants on the County Treasurer of said county there was not sufficient money in the appropriate funds in said treasury to pay them."

It was suggested in argument that the warrants were not drawn on any particular fund but were made payable out of the treasury generally, and that there was no evidence that there was no money at all in the treasury. There is nothing in the attempted distinction. The admission that there was no money in the appropriate fund is equivalent to the statement that there was no money in the hands of the Treasurer of the county liable to be drawn against by the order of the County Board for the payment of the debt for which the warrants were issued.

The warrants were drawn and issued without authority of law and against the inhibition of the statute, and were, therefore, clearly invalid, and as instruments absolutely void, whether in the hands of the person to whom they were made payable or in the hands of an assignee.

A void instrument can not be given validity by assigning it, and while such assignment may not be entirely without operation between the parties to it, yet the void instrument can never itself be made the basis of a recovery at law or in equity. The assignment may be evidence in equity of an intention to assign the claim for which the warrant was issued. As was said in Goldsmith v. Stewart, 45 Ark. 153, "although an instrument may be void, it does not follow that an assignment of it is wholly inoperative in equity. If it is supposed by the parties to represent a claim for money, and if assigned for value,

County of Cook v. Lowe.

it will raise an equity in the assignee, *not to recover on the instrument itself*, but to stand in the shoes of the assignor with regard to the original claim for which it was substituted. It is evidentiary of the equity."

While it is true a party to whom one of these warrants was issued, if he stood in the place of appellee as plaintiff in this suit, could have recovered the value of the services rendered or material furnished by him to the county under the common counts, his recovery would not be upon the void instrument but on the original claim or account for which the warrant was issued. It does not at all follow, however, that this assignee can so recover; the assignment of the warrant can at best be treated as an equitable assignment of the account, and he could not sue at law upon such assigned account in his own name but must sue, if at all, in the name of the assignor, for his use. What was said in the People v. Johnson, 100 Ill. 537, as to county orders being transferred by indorsement, and as to the right of the assignee to sue in his own name, had reference to valid warrants. By usage and for business convenience, the assignee of such an order may sue in his own name, but is subject to all the equities and defenses which exist against the original payee. But here in law appellee took nothing whatever by the assignment of the warrants. Neither assignor nor assignee can recover upon them because they are invalid. Appellee was not entitled to judgment in his favor on the void warrants and treating them as evidence of an assignment of the original accounts he could not recover in the action as brought in his own name. The judgment of the Circuit Court must therefore be reversed.

*Judgment reversed.*