## J. HARLEY BRADLEY
### v.
## JAMES H. GILBERT.

46  623
155s  154

*Injunctions—Taxpayer—Misappropriation of Public Funds—Parties.*

1.  The right of a taxpayer to file a bill to prevent the misappropriation of public funds is unquestionable.

2.  The president of the board of county commissioners of Cook County,

and the treasurer of said county, are necessary parties in a proceeding to prevent, by injunction, the use of county funds in paying the sheriff for the diet of prisoners in the county jail. The sheriff is not a necessary party in such case.

[Opinion filed January 7, 1893.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Messrs. HAMLINE, SCOTT & LORD, for appellant.

Mr. E. R. BLISS, for appellee.

MR. JUSTICE GARY. The appellant, a taxpayer of Cook County, filed his bill against the president of the board of county commissioners, the treasurer, and the appellee, sheriff of Cook County, to prevent, by injunction, the use of the county funds in paying the sheriff for the diet of prisoners in the jail. An interlocutory injunction was granted.

On demurrer by the sheriff, the court dismissed the bill as to him, and then the appellant dismissed it as to the others, and appealed. On this appeal he asks that the injunction be continued under Sec. 21, of Chap. 69, "Injunctions."

The right of a taxpayer to file a bill to prevent the misappropriation of public funds is conceded by the appellee. Littler v. Jayne, 124 Ill. 123, was preceded by many cases like it in principle.

But the president and treasurer being out of the case, the making of the warrants, and thereby the appropriation of so much of the county funds, to the exclusion of subsequent warrants, can not, in this suit, be prevented. The effect of only restraining the sheriff from receiving the warrant would be to tie up the amount in the county treasury. County of Cook v. Schaffner, 46 Ill. App. 611.

The president and treasurer are therefore necessary parties to the suit that is to prevent the injury to the taxpayer. It is the same to him if the money is kept from use by the county as it would be if it were paid out wrongfully. Subsequent taxes would be as heavy in the one case as the other.

On the other hand, the sheriff is not a necessary party. Leitch v. Wentworth, 71 Ill. 146.

Under these circumstances the injunction can not be continued. The application is denied.

*Application denied.*