Norton v. Brophy.

---

## Daniel Norton v. Catherine Brophy.

1. WRITTEN INSTRUMENTS—*Construction of.*—A written instrument may be construed most strongly against the maker of it, and if necessary to render it intelligible, a word necessarily implied by the context may be supplied, or rejected, if its omission is likewise necessarily implied.

2. LIMITATIONS—*What Instruments Are Within the Statute.*—The following instrument—

"BLOOMINGTON, ILL., March 17, '87.

To the bearer of Catherine Brophy, $212.00 dollars of

DANIEL NORTON "—

is such a written admission as is evidence of indebtedness within the meaning of the statute of limitations.

**Memorandum.**—Assumpsit.   In the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding.   Declaration, special and common counts; judgment for plaintiffs on demurrer to plea of the statute of limitations; appeal by defendant.   Heard in this court at the November term, 1894, and affirmed.   Opinion filed February 11, 1895.

*Copy of the plea of the statute of limitations:*

And for a further plea in this behalf the defendant says that the plaintiff ought not to have her aforesaid action against him, the defendant, because he says that the several supposed causes of action in said declaration mentioned did not, nor did any of them or either of them accrue to the plaintiff at any time within five years next before the commencement of this suit, in manner and form as the plaintiff has above complained against him, the defendant, and this the defendant is ready to verify, wherefore he prays judgment, if the plaintiff ought to have her aforesaid action against him, etc.

APPELLANT'S BRIEF, FRANK R. HENDERSON AND JOHN E. POLLOCK, ATTORNEYS.

To constitute a promissory note there are certain indispensable requisites:

A promissory note is a written promise to pay to a certain person, or to the order of a certain person, or to bearer, a sum certain of money absolutely.

It is generally laid down that a promise must be express. The mere fact that a debt is acknowledged is not enough, and the word promise, or its equivalent, must be used. Bigelow on Bills and Notes, 6, 11, 12; Daniel on Negotiable Instruments, 4th Ed., Vol. 1, p. 39, Par. 28, and p. 44, Par. 36.

For a writing to be a due bill it must contain an acknowledgment of the debt.   Daniel on Negotiable Instruments, 4th Ed., Par. 36a to Par. 40, Vol. 1, p. 45.

A writing to be by virtue of itself an obligation for the payment of money, must contain a promise to pay, or an acknowledgment of such indebtedness.   S. & C. Stat., Chap. 98, Par. 3.

APPELLEE'S BRIEF, ROWELL, NEVILLE & LINDLEY, ATTORNEYS.

The following instrument has been held to be an evidence

of indebtedness in writing under our statutes and nego-
tiable:

"Good for 50 cents.

H. C. MYERS, Sut."

Which was indorsed in the handwriting of Myers, "H. C.
M." Charles W. Weston et al. v. Henry C. Myers, 33 Ill. 424.

A certificate of deposit in a bank is a sufficient evidence
in writing of the existence of a debt to save the cause of
action until barred by the statute of limitations relating to
written instruments. First National Bank v. Amanda F.
Coleman, 11 Brad. 509; Jassoy & Co. v. Horn, 64 Ill. 379.

Entries of a deposit by a bank in a depositor's bank book
are evidence in writing of indebtedness and an action there-
on is not barred by the five years' statute of limitation.
Jassoy & Co. v. Horn, 64 Ill. 379; Schalucky v. Field, 124
Ill. 617.

Words omitted in a note which are plainly inferable from
the remaining language will be considered the same as if
not omitted. Beardsley v. Hill, 61 Ill. 354; Massie v. Bel-
ford, 68 Ill. 290.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The action below was assumpsit by appellee against the
appellant upon the following instrument, viz.:

BLOOMINGTON, ILLS., March 17, 1887.

To the bearer of Catherine Brophy $212 dollars of

DANIEL NORTON.

Whether the instrument was evidence of indebtedness in
writing within the meaning of Sec. 16, Chap. 83, R. S.,
entitled "Limitations," is the sole question. The appellant
executed and delivered it to the appellee. It was designed
to serve some purpose and was delivered and accepted as
accomplishing that purpose. As it was written by the
appellant, we are at liberty to construe it most strongly
against him (2 Parsons, Contracts, 506; Massac v. Belford,
68 Ill. 290), and if necessary to render it intelligible may
supply a word necessarily implied by the context (Booth
v. Wallace, 2 Roach Con. 247, cited with approval in Beards-

ley v. Hill, 61 Ill. 354), or may reject a word if its omission is likewise necessarily implied. Bailey on Bills, Chap. 1, Sec. 2, p. 6. The application of these rules of construction leaves no doubt as to the effect which ought to be given to it. It is readily seen to be a written statement of the appellant that the appellee or the bearer of the writing is to receive of or from him the sum of money mentioned therein. Such a written admission is evidence of indebtedness within the meaning of the statute in question. Weston v. Myers, 33 Ill. 424; Jassoy v. Horn, 64 Ill. 379.

The judgment is affirmed.