# Board of Education v. Patrick Foley, for the use of, etc.

1. Contracts—*Burden to Show Them Within Special Statutory Authority.*—Where the power to contract exists purely by virtue of special statutory authority, the burden is upon those seeking to enforce the contract to show that it is within the authority.

2. Pleading—*Where the Right to Contract Exists by Special Statutory Authority.*—Where the power to contract exists purely by virtue of special statutory authority, the declaration should show an indebtedness "contracted in the manner" authorized by statute, and on the trial proof should have been made of such facts.

Assumpsit, for work and labor and materials furnished. Appeal from the Superior Court of Cook County; the Hon. Axel Chytraus, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed May 4, 1900.

Daniel J. McMahon, attorney for appellant.

Thomas McEnery, attorney for appellee; Albert B. Force, of counsel.

Mr. Justice Freeman delivered the opinion of the court.

Appellee brought suit before a justice of the peace to recover upon an order or voucher alleged to have been issued for work done under contract with directors of a school district in the town of Lake, before the latter was annexed to Chicago. Appellant is sued as successor of the school directors of said district by reason of such annexation, and appealed to the Superior Court from the judgment rendered against it by the justice. The cause was submitted to that court for trial without a jury, and judgment rendered in favor of appellee.

It is claimed by appellant that the voucher in question was issued at a time when there were no funds in the township treasury applicable to its payment, and that hence it was void.

There was oral testimony tending to show that appellee

Board of Education v. Foley.

made a bid in writing to do certain work for the directors of said school district in repairing a school house with fences and outbuildings connected therewith, at a price of $125.75. The bid was accepted at a meeting of the directors held in July, 1887, and the work was completed about the last of August or first of September following. After examination and approval of the work appellee received a school voucher or warrant "issued in the regular way." It was dated in July, 1887, but according to the testimony was not delivered to appellee until the work was done. Oral testimony was admitted tending to show that the action of the directors in letting the contract was taken at a formal meeting with all the directors present; and one of the members of the board testifies that at the same meeting and in the same connection the clerk was instructed to make out the voucher to be delivered to appellee when the work was completed and approved by the board.

While the records themselves are the best evidence, it does, we think, sufficiently appear that the record of these proceedings is lost. Appellant's auditor, the custodian of its books and records, testifies that he made diligent efforts and was unable to secure these books. They should be in his hands. There is other evidence to the same effect, and we regard the evidence on the whole in the absence of anything to the contrary, as justifying the admission of oral testimony to the extent permitted.

The statute then in force provided that such warrants should be "drawn and issued" upon the treasurer, "only when at the time of the drawing and issuing of such warrant there shall be sufficient money in the appropriate fund in the treasury to pay such warrant." As in this case the warrant was ordered drawn and issued upon the completion of the work and its approval, and was not delivered until that time; the mere fact that it was prepared by the clerk and dated beforehand is not of itself important.

The evidence tends to show that the work in payment for which the so-called voucher was issued, was done in accordance with the contract and received the approval of the

directors. There is nothing in the record which contradicts such evidence, and that there was a valid and subsisting indebtedness lawfully incurred at the time, and for which the warrant was delivered to appellee, must be considered sufficiently proven, though as an open account it would now be barred by the statute of limitations.

There is evidence tending to show that within a week after receiving the warrant appellee went to the township treasurer, and was told there was no money in the treasury out of which it could be paid. Within a month or six weeks thereafter it was again presented with the same result, and after annexation it was ineffectually presented for payment to appellant. The testimony as to the treasurer's statement that there were no funds in the treasury applicable to payment of the warrant at the time it was presented, does not even tend to prove the absence of such funds at the time the warrant was issued.

But it is urged that the burden of proof rested upon appellee to show affirmatively that there was " sufficient money in the appropriate fund in the treasury to pay such warrants," at the time it was issued, and that in the absence of such proof, the order must be deemed void. If it appeared from the evidence as it did by stipulation in the case of County of Cook v. Lowe, 23 Ill. App. 649, that at the time of drawing and issuing this warrant there was not sufficient money applicable in the treasury to meet it, there could be no question as to its invalidity. In County of Cook v. Schaffner, 46 Ill. App. 611 (620), the county itself offered to prove that there was no such money in the treasury, thus assuming the burden which, if appellant's contention is correct, rests upon the plaintiff. It was there held that the rejection of such offer so made as matter of defense was erroneous, as it would have shown that the warrants sued on were issued when the conditions required by the statute did not exist.

We are not referred to any cases where the precise point as here involved is decided. But the general principle is no doubt as stated in Dement v. Rokker, 126 Ill., on page 197,

that where the power to contract exists purely by virtue of special statutory authority, the burden is upon those seeking to enforce the contract to show that it is within the authority. And in School Directors v. Sippy, 54 Ill. 287, it is held that the declaration should have shown an indebtedness " contracted in the manner " authorized by statute, and that on the trial, proof should have been made of such facts. To the same effect is School Directors v. Taylor, 54 Ill. 289. Inasmuch as the warrant in controversy was void unless issued when there was money in the treasury applicable to its payment it was under the authority of these and like cases necessary for appellee to prove affirmatively that it was so issued, in order to recover.

It is contended, however, that appellee is entitled to recover upon the original contract notwithstanding the bar of the statute of limitations, as upon a " written contract " or at least " evidence of indebtedness in writing." This contention can not be sustained. While there is evidence that appellee's original bid was in writing, yet there is no evidence of any written acceptance even in the lost records of the school district. No contract in writing is proven, and the warrant itself, if void as a warrant, would not be competent evidence of indebtedness against the district or its successor.

We are of opinion that the warrant was improperly admitted in evidence. The judgment of the Superior Court must be reversed and the cause remanded.