### Board of Education v. Patrick Foley.*

1. Evidence—*Void Warrants, When Competent for Proving Indebtedness.*—Where a contract is lawfully made by a school district and an indebtedness incurred under it, a warrant drawn by the proper officers for the purpose of liquidating such indebtedness, although void as a warrant because drawn at a time when there were no funds in the treasury to pay it, is still competent evidence of the indebtedness in a suit against the district.

Assumpsit, for work and labor, etc.    Appeal from the Superior Court of Cook County; the Hon. Axel Chytraus, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed May 4, 1900. Additional opinion filed on a rehearing July 31, 1900.

Daniel J. McMahon, attorney for appellant.

Thomas McInerny, attorney for appellee; Albert B. Force, of counsel.

Mr. Justice Freeman delivered the opinion of the court.

A petition for rehearing was filed in this case insisting that the " warrant, even if void as an order for payment of

---

* By an oversight this case was reported while a motion for a rehearing was pending. See 88 Ill. App. 470.

money, is still such evidence of indebtedness in writing as would bring the case within the statute of limitations."

By some oversight the former opinion was published without correction of proofs (88 Ill. App. 470), and one or two errors occur.

As therein stated, there was evidence tending to show that the alleged school warrant sued upon was issued and delivered on the completion of work lawfully ordered, actually done, and accepted by the district. This warrant or voucher was afterward intrusted to the auditor of the appellant, the Board of Education, for examination by the latter, application for payment thereof having been made. The said auditor gave a receipt therefor containing an alleged copy of the warrant, and the original appears to have been lost after going into his possession. If not produced by appellant upon proper notice the contents of the lost instrument could have been proven. This was not done, and no written evidence of the debt was introduced.

The statement as it appears in the published opinion that a void warrant would not be competent evidence of indebtedness against the district or its successor, is undoubtedly true where, as here, neither the warrant itself nor proof of its contents is introduced. Otherwise the statement as printed requires to be modified by adding, that where it appears the contract was lawfully made by the district, we know of no reason why the warrant is not competent evidence of the debt, though void as a warrant for want of proof that it was issued in accordance with the statutory requirements. This was a suit upon the warrant as a written evidence of debt, and brought originally before the justice without written pleas. We do not regard the action as barred by the statute of limitations. Norton v. Brophy, 56 Ill. App. 661.

In the former opinion we are made to say that " the warrant was improperly admitted in evidence. The warrant was not introduced at all. The receipt for it containing an alleged copy of the warrant was improperly admitted as there was no evidence of the correctness of the copy.

The judgment is reversed and the cause remanded.