EDMUND S. HOLBROOK *et al.*, Appellants, *v.* THE TRUSTEES OF SCHOOLS of Township 33 North, of Range One East, of the County of La Salle, Appellees.

APPEAL FROM LA SALLE.

The appointment of a treasurer by school trustees, is a removal of the prior officer.

The approval of the bond of a treasurer of a school district, is evidenced by an official indorsement of the members of the board.

A school trustee is a competent witness to prove the loss of a treasurer's bond, although he may be a party to the suit.

A notice should be given a party to produce a paper, if it is supposed to be, or ought to be, in his possession, as a foundation for other proof in relation to it.

THIS was an action of debt, commenced by appellees against appellants, on bond given by Holbrook, as school treasurer, with Higgins and Paul as security.

The declaration is in these words :

"For that whereas the said defendants heretofore, to wit, on the 3rd day of April, A. D. 1850, executed and delivered to said plaintiffs their writing obligatory, which writing obligatory is in substance as follows:

STATE OF ILLINOIS, }
  LA SALLE COUNTY. }

     KNOW ALL MEN BY THESE PRESENTS, That we, Edmund S. Holbrook, Ebenezer Higgins and William Paul, are held and firmly bound, jointly and severally, unto the trustees of schools of township thirty-three north, of range one east, of said county, in the penal sum of two thousand dollars, for the payment of which we bind ourselves, our heirs, executors and administra-

Holbrook et al. *v.* Township Trustees.

tors, firmly by these presents. In witness whereof, we have hereunto set our hands and seals this 3rd day of April, A. D. 1850.

The condition of the above obligation is such that if the above bounden Edmund S. Holbrook, township treasurer of township thirty-three north, range one east of the third P. M., in the county aforesaid, shall faithfully discharge all the duties of said office according to the laws which now are or may hereafter be in force, and shall deliver to his successor in office all moneys, books, papers, securities and property in his hands as such township treasurer, then this obligation to be void, otherwise to remain in full force and virtue.

EDMUND S. HOLBROOK. [SEAL.]
WILLIAM PAUL. [SEAL.]
E. HIGGINS. [SEAL.]

Approved and accepted by us,

THERON D. BREWSTER, } Trustees of Schools.
G. A. LINDLEY,

And the plaintiffs aver that said Edmund S. Holbrook continued to hold said office of township treasurer until the appointment of David L. Hough as his successor, as hereafter mentioned, and that as such township treasurer said Holbrook did receive a large sum of money, to wit, the sum of two thousand dollars, which sum came to and was in the hands of said Holbrook, as such township treasurer ; and that afterwards, to wit, on the first day of April, A. D. 1856, David L. Hough was duly appointed treasurer of said township, and accepted said appointment, and gave the bond required by law, and was duly qualified to act as such township treasurer, and then and there became the successor of said Edmund S. Holbrook as township treasurer of said township, of all which the said Holbrook had notice. And said Holbrook then and there had in his hands as such township treasurer, the sum of money aforesaid ; and afterwards, to wit, on the same day, the said David L. Hough demanded said sum of money of said Holbrook, who then and there refused and neglected to pay said sum of money to David L. Hough, though often requested to do so, nor have the said defendants, or either of them, ever paid the said sum of money to said Hough," etc. ; with the usual conclusion.

Defendants filed a general demurrer, which was overruled by the court. Paul abided by the demurrer. Holbrook and Higgins filed pleas :

That Hough did not become the successor of Holbrook as alleged.

That Holbrook did not neglect and refuse to pay, etc., in manner and form, etc., to his successor in office.

The third plea was as follows :

" That the said Holbrook was appointed to the said office of township treasurer, by Theron D. Brewster, Giles A. Lindley and John L. McCormick, which is the same appointment men-

tioned in said declaration, who were then the trustees of said township; that it was to said board of trustees, represented by said Brewster, Lindley and McCormick, that said bond in said declaration mentioned was given; that afterwards, A. D. 1855, to wit, on the day appointed by law for the election of school trustees, Alexander Hitchcock, William C. Smith and Samuel N. Maze were duly elected trustees of schools of said township, and entered upon said office and became the successors of said Brewster, Lindley and McCormick, whose term of office then expired; and afterwards, to wit, on the 15th day of January, A. D. 1855, the said Hitchcock, Smith and Maze, as the board of trustees, re-appointed said Holbrook as treasurer of said board; that said Holbrook thereupon gave to said board the bond required by law, that is to say, a penal bond, signed by said Holbrook and two freeholders, who were not members of said board, so appointing him, conditioned that said Holbrook should faithfully perform all the duties of treasurer of said township according to law; which was duly received and approved by a majority of said trustees last aforesaid; whereby the said Holbrook, thus duly re-appointed and qualified, became as the treasurer of said board represented by said Hitchcock, Smith and Maze, the successor of himself as the treasurer of the said board of trustees represented by Brewster, Lindley and McCormick. And said defendants aver that said Holbrook, while acting as treasurer as first aforesaid, under the trustees first aforesaid, did not, before said re-appointment and the execution of said bond last aforesaid, receive any of the moneys in said declaration mentioned," (with verification.)

To which plaintiffs filed replications.

1st. That said Holbrook was not re-appointed and qualified in manner and form, etc.

2nd. That he did not give such second bond, etc.

3rd. The said moneys were received by Holbrook before his said re-appointment; and issue joined.

The fourth plea was much like the third, adding the names of the freeholders who signed the bond and the penalty of the bond, and alleging " that Holbrook, under said second appointment as successor of himself under said first appointment, received all the moneys which said Holbrook had in his hands at the expiration of his said term of office, as township treasurer, under said first appointment."

The first replication to this plea was that Holbrook was not re-appointed and did not file bond, etc.

2nd. That Holbrook did not file such a bond under a re-appointment, etc.

3rd. That the moneys sued for were received by Holbrook prior to his re-appointment; and issues thereon.

On the trial before a jury, the plaintiffs read in evidence from the records of the trustees of schools, the entries, showing the election of Holbrook as treasurer, also the following proceedings:

" Board met at office of E. S. Holbrook, at the call of the president.

Present—A. B. Hitchcock, James Armour and Samuel N. Maze, and E. S. Holbrook, treasurer.

It was moved by James Armour that we go into an election of a new treasurer. Carried. James Armour voting aye, and Samuel N. Maze voting no.

The treasurer, E. S. Holbrook, protested against the proceeding.

Voted that the vote be had *viva voce.*

David L. Hough was elected treasurer, and required to give bond in the sum of ten thousand dollars, to be approved by the board.

Voted that the president be requested to notify D. L. Hough of his election.

A. B. HITCHCOCK, Pres."

To the reading of which defendants objected, on the ground that it did not appear that the office of said Holbrook as treasurer expired at that time by limitation of law—or that it was a proper time for such an election, or that there was any vacancy in the office of treasurer at that time.

On this point defendants then read from said records the following entries:

" Board Room, Jan. 15, 1855.

The board of trustees met, consisting of the newly elected members, A. B. Hitchcock, Samuel N. Maze and William C. Smith, and E. S. Holbrook, treasurer.

The board organized, and on motion voted that E. S. Holbrook be re-appointed treasurer of the board, and that he give the bond required by law."

Also the following:

Nov. 3rd, 1855.

Board of trustees met at the office of E. S. Holbrook.

Present, A. B. Hitchcock and S. N. Maze.

E. S. Holbrook, treasurer and clerk of the board.

On motion voted that treasurer call an election of trustee, to fill the vacancy occasioned by the removal of Wm. C. Smith from the township."

Several other entries were read, showing that Holbrook acted as treasurer till the meeting of March 19, 1856.

Also the following:

"Peru, Feb. 12th, 1856.

The board of trustees met at the office of E. S. Holbrook.

Present, A. B. Hitchcock, Samuel N. Maze, James Armour.

On motion, the board adjourned to meet on the 10th of March next."

The court then permitted said entry of the 19th to be read, to which defendants excepted.

Plaintiffs then offered to read in evidence a bond given by said Hough to the board of education of said township, on which was written:

"Approved by
A. B. Hitchcock,   }  Directors of the Board
James Armour,      }      of Education."
Sam'l N. Maze,     }

To the reading of which defendants objected, on the ground that it did not appear that said bond was properly approved by the board of education.

*D. L. Hough* was then called as a witness, by plaintiffs, who testified that he was the school treasurer referred to in said bond; that he did not know that any record was made by the board of trustees of the approval of said bond; that he gave said bond to Hitchcock; don't know whether said trustees, when they wrote their approval on the bond, were together or not, or whether they ever acted together concerning the approval of it. Defendants admitted that said Armour and Maze were the acting trustees at the date of said bond, and that those names were in their handwriting severally.

On this proof the court permitted said bond to be read in evidence, to which defendants excepted.

Plaintiffs made proof of demand on said Holbrook, by Hough, on the 7th of April, A. D. 1856, for the township moneys on hand, which, with interest from that time, amounted to $1,693.39.

Defendants called *Samuel N. Maze* as a witness, who said that he was elected school trustee in January, A. D. 1855, and continued to act till 1857; that said Holbrook, on his re-appointment as township treasurer, in January, 1855, gave a bond to said board of trustees; that Hitchcock, one of the trustees, took such bond to send to the school commissioner by mail.

Defendants then offered to prove by Maze, that soon after said Holbrook's re-appointment in January, 1855, the then trustees were together and had a paper before them, which they treated as a proper bond, given by said Holbrook on his said re-appointment as treasurer; and that they wholly approved of the same as such bond.

Plaintiffs objected. The court sustained the objection, and defendants excepted.

Verdict was found for the plaintiffs.

Motion for new trial was made by Holbrook and Higgins, which was overruled by the court, and defendants excepted.

Motion in arrest of judgment was then made by all the defendants, which was overruled, and defendants excepted.

CHUMASERO & ELDREDGE, and E. S. HOLBROOK, for Appellants.

B. C. COOK, for Appellees.

CATON, C. J. We shall first consider the sufficiency of the declaration. We think the answer to the objection that it does not show that there was a vacancy in the office of treasurer at the time of Hough's appointment, is a good one. The statute gave to the trustees the power to remove the treasurer at pleasure. Possessing such a power, the appointment of another in the place of Holbrook was of itself, a removal of him from that office. It did not require a separate antecedent order of removal. Had the law required them to spread upon their records, the reason for the removal, or even authorized them to remove only for good cause, the rule might be different. The declaration avers that Hough was duly appointed and qualified, and it is objected that it should have shown the *quo modo* of his qualification to the office. We think the averment sufficient. The fact of qualification is the natural fact of the case, and it was not necessary to plead the evidence which would be adduced in support of that fact. Even where a justice of the peace is justifying in an action of trespass for having issued an execution, which has been levied on the plaintiff's property, it is only necessary for him to aver that he was a justice of the peace, duly elected and qualified as such, without stating the mode of the election or qualification.

It is objected that the bond of Hough, the successor of Holbrook, was not approved by the board of education, as required by the school law. The approval was evidenced by the members of the board indorsing an approval on the bond, and signing it with their proper hands and official designation. In this the board followed the precise form pointed out by section 52 of the school law, which would seem to be a sufficient answer to the objection.

The only remaining question to be considered, is whether the court was right in refusing to allow the defendants to prove by parol, the contents of an alleged lost bond, said to have been given by Holbrook on his second appointment to the office of

treasurer. The witness swore that Holbrook executed a second bond which was delivered to Hitchcock, to be by him sent to the school commissioner. Hitchcock was at that time, and also at the time of the commencement of this action, one of the school trustees, and consequently a member of the corporation in whose name this action was brought. Jones, who was at the time school commissioner, could not find the bond in his office, when subsequent inquiries were made for it. By the defendants, it was urged that Hitchcock was to be treated as a proper plaintiff and a party to the action, and the bond having been last seen in his hands, it was to be considered as in the hands of the plaintiff, and it must be presumed to be still there. The action is by a public corporation as plaintiff, and not by Hitchcock and other individuals, who might at the time happen to be trustees. They might all vacate their office and be succeeded by others, and yet there would be no change of plaintiff either in form or substance. But admitting the defendant's position to its fullest extent, and that we must assume that the bond was in the hands of the opposite party ; it was not such a paper as the plaintiff was bound to know the defendants would require to use on the trial, and hence they should have served a notice on the plaintiff to produce the paper, or else they would give parol evidence of its contents and indorsements. We see no evidence that any such notice was served, and without such notice, the plaintiff was not bound to have it present in court. The evidence was entirely insufficient to prove the loss or destruction of the paper so as to entitle the defendants to give the parol proof for that reason. At least it was necessary to have sworn Hitchcock as to what had become of it. In his hands it was last seen, and he might be able to produce it, or account for it. Admitting that he was a party to the action and still he was a competent witness, and if called upon, obliged to testify upon that collateral question. To prove the loss or destruction of papers, all parties are competent witnesses. We think that the proper foundation was not laid for the testimony of Maze, and that the court properly ruled it out. The judgment must be affirmed.

*Judgment affirmed.*