## LAWRENCE S. BEARDSLEY

*v.*

## MARK W. HILL.

1. APPEAL—*county court—how taken.* Where the county court rendered a judgment, and the defendant filed in that court an appeal bond which was approved by the county judge before the expiration of twenty days: *Held,* the appeal was perfected, although the bond was not sent to the court to which the appeal was taken until after that time. An appeal taken from the probate court may be perfected in the same manner that appeals may be from justices of the peace.

2. Where an administrator appeals, and the condition of the bond recites that he is administrator, and at the end of his signature to the bond he adds "Adm'r," the court will not hold this is an individual bond of the administrator. A defect in the condition of such a bond must be objected to in the court to which the appeal is taken, to be availing. Such objection comes too late when made for the first time in this court.

3. COSTS—*claim against an estate.* Where the record fails to show when the administrator was appointed, the date of his letters, or that a term of court had been fixed for the adjustment of claims, or any evidence that defendant was administrator until the allowance of the claim, it will not be presumed that the claim was irregularly filed or that the costs were improperly awarded against the defendant.

4. PROMISSORY NOTE—*words omitted—intendments.* Where a person, by a writing in the form of a note, promises to pay the person named "one hundred and ninety-one, fifty cents, for money borrowed:" *Held,* that this was a promissory note for the sum of $191.50, and that the presumption will be indulged that the word "dollars" was unintentionally omitted when the note was drawn.

WRIT OF ERROR to the Superior Court of Cook county.

Messrs. STORY & KING, for the plaintiff in error.

Messrs. NICHOLSON & MORRISON, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The judgment in this case was rendered upon the following writing, originally filed in the county court:

"191.50.　　　　　　　　　　CHICAGO, *August 8th*, 1855.

Ten days after date I promise to pay Thomas E. Hamilton, or order, one hundred and ninety-one, fifty cents, for money borrowed.

H. H. BEARDSLEY."

The foregoing is an exact copy, as appears from the amended transcript of the record filed in this court.

The first objection urged is, that the appeal from the county court to the Superior Court was not properly perfected.

According to the amended record, the judgment was rendered in the county court on the 27th of September, 1869, the bond was approved by the county judge, and filed by the county clerk on the 16th of October, and on the 18th of October was filed in the office of the clerk of the Superior Court.

The act establishing the county court, prescribes that appeals may be taken from its judgments in the same manner as from judgments rendered by the probate court. (Sess. Laws 1849, sec. 13, 65.) Appeals were taken from the judgments of the probate court as from the judgments of justices of the peace. (R. S. 1845, sec. 4, p. 426.) In appeals from justices of the peace the appeal is perfected by filing a bond in the

office of the justice within twenty days from the rendition of the judgment. (R. S. 1845, 323 and 324.)

This bond was filed in the clerk's office of the county court within twenty days from the judgment and approved by the county judge. In the performance of this duty he acted as a justice in a similar case. The appeal was then perfected on the part of appellant, and no summons or notice was necessary to the appellee. *Boyd* v. *Kocher,* 31 Ill. 295.

The neglect of the county judge, or of the clerk of the county court, to file the bond in the Superior Court within the time limited by the statute, does not defeat the appeal. This was a mere ministerial duty on the part of the officer, the failure to perform which should not injure the appellant. *Little* v. *Smith,* 4 Scam. 400.

According to the amended record the bond is not the individual bond of Hamilton, who was the administrator at the time of its execution. It is recited in the condition that he was the administrator, and immediately following his signature are the letters "Adm'r," clearly indicating the capacity in which he signed it.

The bond is in the usual form, and recites that the appellant shall pay whatever judgment may be rendered on trial or dismissal of the appeal.

It is objected that it is defective in the omission of the language required by the act of 1853 : "to pay the judgment, with costs, in the due course of administration." (Sess. Laws 1853, p. 267).

This objection should have been made in the court below so that the necessary amendment might have been made. As this was not done, it would be trifling with the rights of parties to permit this mere technical advantage to reverse.

No objection was made to the bond in the court below until after judgment by default.

The bond was not void ; it was voluntarily entered into, and creates a liability according to its conditions and terms. *Fournier* v. *Faggott,* 3 Scam. 347 ; *Sharp* v. *Bedell,* 5 Gilm.

88; *Young* v. *Mason,* 3 Gilm. 55; *Smith* v. *Whitaker,* 11 Ill. 417.

But it is assumed that any objection to the bond given upon the appeal from the county court to the circuit court, may be made for the first time in this court.

The statute which governs appeals from justices of the peace, and which, to a certain extent, controls appeals from the county courts doing probate business, provides that, if the bond be adjudged insufficient, the party who shall have executed it shall not be prejudiced by such insufficiency, *provided* he will, in a reasonable time, execute a sufficient bond.

The true construction of this statute is, that the appellee in the court below, when he is in court, shall there present any objections to the bond, and the delinquent party can not lose his position until he has had a reasonable time to supply any omission and perfect his bond.

Some of the objections now taken to the bond would have been sustained in the court, and the principal obligor would have been allowed to amend or file a new bond. We can not permit any amendment, and it would be great injustice to visit upon appellee the grave consequences of the omission, or ignorance of officers, in the preparation of bonds.

We think that appellant must abide by his own neglect in not making the motion to dismiss in apt time in the court below. Such has been the ruling of this court. *Fournier* v. *Faggott, supra; Young* v. *Mason, supra; Sharp* v. *Bedell, supra; Wear* v. *Kelleen,* 38 Ill. 259.

It is next claimed that the court erred in rendering judgment for costs against appellant, when the claim was filed against the estate after the term fixed for the adjustment of claims.

The record of the proceedings in the county court is singularly barren. It does not state the time of the appointment of the administrator, the date of the letters of administration, or that any term was fixed for the adjudication of claims.

There is no evidence that appellant was the administrator until the allowance of the claim, when he appeared in that capacity. It should affirmatively appear that the claim was presented at some other than the regular term for the adjustment of the debts of the deceased.

In this case there is nothing upon which to base a presumption that the claim was filed irregularly.

The construction of the note raises a question of more difficulty. It is contended by counsel for appellant that the legal effect of the instrument was misconceived, and that the promise was to pay "$1.91 plus 50, equal to $2.41."

The court and jury construed the note to be a promise to pay one hundred and ninety-one *dollars* and fifty cents. In this construction there was no error.

The interpretation made by counsel for appellant is wholly unintelligible and inconsistent with reason. We must determine the legal effect and hold that the word "dollars" was a mere omission.

"Borrowed of I. S. £50 which I promise *not* to pay," has been held to be a note for the payment of £50. The word "not" should be rejected. Bayley on Bills, ch. 1; sec. 2, p. 6.

A bill of exchange for "twenty-five, seventeen shillings and three pence," has been held to be a bill for the payment of twenty-five pounds, seventeen shillings and three pence. *Phipps* v. *Tanner*, 5 Car. & Payne, 488.

In this case, Mr. Chief Justice TINDAL said: "It must mean pounds, and can not mean anything else."

In the case under consideration, the note must mean one hundred and ninety-one dollars and fifty cents, or it is unmeaning.

Our currency consists of dollars and cents. This note was for a sum of money. That sum is not fifty cents, for then the words "one hundred and ninety-one" would be useless.

From the manner in which the figures are divided, and from the writing, the legal intendment is in favor of the construction given by the Superior Court.

The uncertainty in the language of this note is not so great as in the following cases:

"Please to pay the bearer, Joseph B. Clough, 37.89, and I will account to you for the same."

It was held that the order was not so unintelligible as to be void. *Northrup* v. *Sanborn*, 22 Ver. 434.

"For value received I promise to pay Galman Booth thirty-two, twelve shillings and five pence, lawful money."

It was held that the word "pounds," after the words "thirty-two," was necessarily implied. *Booth* v. *Wallace*, 2 Root (Con.) 247.

The judgment is affirmed.

*Judgment affirmed.*