# Jesse H. Massie

*v.*

## John Belford.

1. Contracts—*rule of construction.* In the construction of written contracts, the intention of the parties to the contract is to be determined from the whole instrument, and, when the intention can be so ascertained, it is the duty of courts to carry it into effect.

2. If a contract contains ambiguous words or words of doubtful construction, they will be construed most strongly against the party who executed the same, as the other party is not presumed to have chosen the expression of doubtful meaning.

3. Promissory note—*construed as to time of payment.* Where a promissory note read as payable "on or by the first of March, *eighteen and sixty-eight:*" *Held,* that it was the manifest intention of the parties to make the same payable on the first day of March, 1868, and that the court should so enforce it.

Writ of Error to the Circuit Court of Pope county; the Hon. David J. Baker, Judge, presiding.

Mr. James M. Warren, for the plaintiff in error.

Messrs. Green & Gilbert, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought in the circuit court of Pope county, by Jesse H. Massie against John Belford, upon a promissory note. The count in plaintiff's declaration, upon which he relies, is as follows: "For that, whereas, the said defendant heretofore, to-wit: on the 6th day of November, A. D. 1867, at, etc., made his certain promissory note, and then delivered the same to the plaintiff, by which said note the defendant, by the name and style of John Belford, promised to pay the plaintiff, by the name of Jesse H. Massie, $825, with interest from date, by the first of March, eighteen and sixty-eight, and the plaintiff avers that it was intended by and between the parties that the note would become due on the first day of March, 1868, value received." The concluding part of the count is in the usual form.

To this count defendant demurred, and craved *oyer* of the note. It was read, and is in these words:

"GOLCONDA, ILL., *Nov.* 6, 1867.

"On or by the first of March, eighteen and sixty-eight, I promise to pay to Jesse H. Massie $825, with interest from date, at the rate of six per cent.

"JOHN BELFORD."

The circuit court sustained the demurrer, and rendered judgment against the plaintiff for costs. The plaintiff brings the case to this court, and assigns for error the decision of the circuit court in sustaining the demurrer to the declaration.

The only question involved in this case is, the proper and legal construction to be given to the promissory note set out in plaintiff's declaration.

In the construction of written contracts, it is a well known rule of law that the intention of the parties who made the contract is to be determined from the whole instrument, and when the intention can be so ascertained it is the duty of courts to carry it into effect.

If a contract contains ambiguous words, or words of doubtful construction, such are to be construed most strongly against the party who executed the contract. If the contracting party uses, over his own signature, language of doubtful meaning, he can not complain when the construction is favorable to the other contracting party, who is not presumed to have chosen the expression of doubtful meaning. *Walker* v. *Kimball*, 22 Ill. 539 ; *McCarty* v. *Hall*, 24 Ill. 343.

What, then, did the defendant intend, and what did the plaintiff expect, when the promissory note was executed in and by which the defendant promised to pay the amount therein named, *on or by* the first of March, eighteen and *sixty-eight?*

There can be no doubt in regard to the intention of both payer and payee : they undoubtedly intended, by the language used, to make the note due on the 1st day of March, 1868—the word "hundred" was omitted, but the intent of the parties is so manifest that the law will enforce the contract as was intended, and hold that the note was due on the 1st day of March, 1868.

It is not the policy of courts to give such a construction to contracts as will defeat the ends of justice upon a technical question, but rather enforce contracts according to the intention of the makers thereof, when, as in this case, the intent is so apparent.

Judgment of circuit court reversed, and cause remanded.

*Judgment reversed.*