## Milton K. Weems et al. v. Timothy Parker.

1. PROMISSORY NOTES—*Omissions Supplied by Construction.*—The following instrument, "ninety ⸺ after date we promise to pay to the order of E. Hurlburt, two hundred and seventy-five, no | 100 dollars at First National Bank, Quincy, Ill., value received, with interest six per cent," is a promissory note due ninety days after date. The rule that a patent ambiguity in a writing can not be corrected at law does not apply.

Assumpsit.—Appeal from the Circuit Court of Adams County; the Hon. OSCAR P. BONNEY, Judge, presiding. Heard in this court at the November term, 1894. Affirmed. Opinion filed June 3, 1895.

BERRY, O'HARA & SCOFIELD, attorneys for appellants, contended that a written agreement or note can not be corrected or reformed in a common law action, citing Savage et al. v. Berry, 2 Scam. 545; Griffith, Impl., etc., v. Furry, 30 Ill. 251; Cunningham v. Wrenn, 23 Ill. 64; Fitzhugh v. Runyon, 8 Johns. (N. Y.) 292; Mercantile Ins. Co. v. Jaynes et al., 87 Ill. 199; McDuffie v. Magoon, 26 Vt. 518; Brown v. Bebee, 1 D. Chip. (Vt.) 227; Specht v. Howard et al., 16 Wall. 564.

Parol evidence of an oral agreement alleged to have been

made at the time of the drawing, making, or indorsing of
a bill or note, can not be permitted to vary, qualify, or con-
tradict, to add to or subtract from the absolute terms of
the written contract.    Parsons on Notes and Bills.

When once a note has been made, executed and delivered
as such, it is not admissible by law to look for any of its
terms *aliunde*, nor is it admissible to show that a mistake
was made in drawing it in respect to the time or manner
of payment.    Phillips on Ev. (Cowen & Hill's notes), part
2, 591; 3 Randolph on Commercial Paper, 1898; 2 Parsons
on Notes and Bills, 501; Edwards on Bills and Promissory
Notes, 313.

. A court of law will not receive parol evidence to contra-
dict or enlarge the terms of a written agreement.    2 Phil-
lips on Evidence (Cowen, Hill & Edwards' Notes), 665; 1
Greenleaf's Evidence, Par. 297.

EMMONS & WELLS, attorneys for appellee, contended that
the legal effect of the note is a promise to pay the money in
ninety days from its date, and the presumption will be in-
dulged that the word "days" was unintentionally omitted
when the note was drawn.    Beardsley v. Hill, 61 Ill. 354.
"On or by the first of March eighteen and sixty-eight"
means eighteen hundred and sixty-eight.    Massie v. Bel-
ford, 68 Ill. 290.    "With ten per cent after due" means
ten per cent interest after due.    Hadden v. Innes, 24 Ill.
381.

The same construction was given to similar language in
a note in Thompson v. Hoagland, 65 Ill. 310.    The words
at "*ten pe cen*, value received," in a note, were construed to
mean ten per cent interest per annum from its date.    Gra-
ham v. Joder, 65 Ill. 314.

The abbreviations, "Int. a 6 °/₀ p. a.," in a note mean "in-
terest at six per cent per annum."    Belford v. Beatty, 145
Ill. 414.

In Loomis v. Freer, 4 Brad. 547, the court construes a note
having an omission of a word similar to the one at bar,
and holds there was a complete remedy at bar.    The inser-

tion of the omitted word in brackets in the *narr.* has been upheld in Deshan v. Lefler, 7 Mo. App. 595, and in Nichols v. Frothingham, 45 Me. 220; Pearson v. Stoddard, 9 Gray 199; Connor v. Routh, 40 Am. Dec. 59; and Boykin v. Bk. of Mobile. See also Ives v. Bank, 2 Allen 236; Sweetser v. French, 13 Metc. 262; Petty v. Fleishel, 31 Tex. 169; and Williamson v. Smith, 1 Cold. 1.

The note declared on was a negotiable promissory note under our statutes and other States.

In Pearson v. Stoddard, 9 Gray 199, the note read, "four months after — for value received I promise to pay E. W. Scott or order the sum of one hundred dollars with interest." It was assigned and the assignee brought suit and recovered, the court holding it had the right to supply the word *date*, the natural reading being in that form. See also McGrath v. Clark, 56 N. Y. 34, and Connor v. Roth, 40 Am. Dec. 59.

Where the word dollars was omitted in the body of the note a recovery was had by the assignee at law. Corgan v. Frew, 39 Ill. 31; Riley v. Dickins, 19 Ill. 29; Cisne v. Chidester, 85 Ill. 523.

Justice Breese says, where ambiguous written instruments are made they should be construed most strongly against the maker, and the true principle of sound ethics is to give the contract the sense in which the person making it believed the other party to have accepted it. McCarty v. Howell, 24 Ill. 341.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Appellants made and delivered to E. Hurlburt an instrument in writing, of which the following is a copy:

"Dolls. 275.00     Quincy, Ill., Oct. 30, 1893.

Ninety — after date we promise to pay to the order of E. Hurlburt two hundred and seventy-five no-100 dollars at First National Bank, Quincy, Ill., value received, with interest six per cent;" which the payee assigned to appellee, who brought this suit in assumpsit thereon. By demurrer

to special counts of the declaration the question was presented whether, notwithstanding the blank after the word "ninety," it could be maintained. The demurrer was overruled, and the defendants abiding, judgment was rendered for the plaintiff, from which they took this appeal, relying on the familiar rule that a patent ambiguity in a writing can not be corrected in an action at law.

In nearly all of the cases cited for appellants there was an alleged mistake in an actual and absolute expression, clear in itself, which it was sought to vary or contradict by parol evidence, there being nothing in the instrument itself to warrant the presumption of a different intention.

This, however, is not a case of mistake or ambiguity in such an expression, but of defect by omission, which is claimed to be properly supplied by presumption from the form and character of the instrument as it stands, without varying or contradicting the meaning of anything therein expressed. The distinction is clearly made and illustrated in Mercantile Ins. Co. v. Jaynes, 87 Ill. 199, which was a bill to correct a policy dated May 22, 1874, and yet by its terms made to expire on the second day of April of the same year. On demurrer to the bill it was urged that the mistake was merely clerical, and the intention of the parties so obvious that the correction could have been made by a court of law. But it was held that however obvious, it could not be corrected, or more properly speaking, disregarded at law, " unless from other parts of the instrument there could be no doubt of the intention;" that " courts of law possess no power to order changes made in the phraseology of written instruments offered in evidence. They simply adjudicate the rights of the parties upon the instruments as they are; but in construing them they seek for the intention of the parties, and if this can be discovered from all the language employed, clearly and satisfactorily, effect will be given to it, notwithstanding there may be some language used which, taken by itself, would not authorize the construction adopted." The difficulty in that case was, as was further observed, that there was " no more reason to conclude, from the face of the

policy, that the mistake was in the year than in the month;" and hence it was a case for equity.

If this power may be exercised by a court of law in the case of an expression, clear in itself, surely it may in case of a mere omission, where the intention is nevertheless manifest. We find it has in fact been often so exercised. Thus a paper in the form of a promissory note for " one hundred and ninety-one, fifty cents, for money borrowed," was held to mean " one hundred and ninety-one *dollars*," etc. Beardsley v. Hill, 61 Ill. 354. And another, payable " on or by the first of March, eighteen and sixty-eight," to mean eighteen *hundred*, etc. Massie v. Belford, 68 Ill. 290. " Four months after — for value received I promise to pay," etc., meant " after *date*." Pearson v. Stoddard, 9 Gray, 199. Other instances, strictly analogous, might be cited.

In the note here in question the word " ninety," beyond all doubt, referred to time, and was used as an exact multiple of some recognized division of it. The supposition that seconds, minutes, hours or years could have been intended is simply absurd, and the possibility that it might have been weeks or months is too remote to be considered in the case of a note for $275, with interest at the rate of six per cent. In Nichols v. Frothingham, 45 Maine 220, where the note was for $1,500, and reads, " Six — after date we promise," etc., the court said : " Where there is nothing in the contract to lead to a different conclusion, and it is clearly apparent that some word indicative of the intention of the parties was intended to be used, but omitted by mistake, the parties may properly be presumed to have intended to use that word which is most commonly used by the same or other parties under the same or similar circumstances. Their probable intention, in the absence of anything to the contrary, may well be taken as their actual intention." And further, " Notes payable in six days are seldom seen, while those payable in six years are not very common. The word most frequently in use in the commercial arrangements of men, not only in our cities but in the country, to designate the time when notes and bills fall due, is months." Especially

is this so where the numerical adjective used in connection with it is six." It was accordingly held in that case to mean six months.

The same reasoning applied here would make it days. We doubt if a note at ninety weeks was ever made, and believe there are a hundred at ninety days where there is one at ninety months. We therefore hold in this case that it meant, as was alleged, ninety days; and the judgment will be affirmed.