## Chicago Sugar Refining Company v. M. R. Armington.

1. CONTRACTS—*Construction of.*—If a contract contains ambiguous words, or words of doubtful meaning, they should be construed most strongly against the party who executed the contract, and if a contracting party uses, over his own signature, words of doubtful meaning, they will be construed against him.

2. WORDS AND PHRASES—"*Prompt Shipment,*" and "*Ship at Once.*"—A sale was negotiated by telegraph, the principal difference being in regard to price, and the words " prompt shipment," were used twice in the correspondence by the party wishing to sell, but the final message from the buyer was "ship at once." *Held,* that the words " at once," meant as promptly as circumstances would permit, and that they were not to be taken literally.

Transcript, from a justice of the peace.    Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1896.    Affirmed.    Opinion filed January 7, 1897.

WILSON, MOORE & McILVAINE, attorneys for appellant.

SMITH, HELMER, MOULTON & PRICE, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
The appellee sued the appellant for refusing to take and pay for corn.

The only question argued by the appellant is, whether there was any contract. Premising that in the trade " prompt shipment " means to ship within ten days, the contract, if any there was, was made by telegrams, all on January 9, 1896, as follows. From appellee.

" Sell you ten cars white and ten cars yellow corn your works twenty-seven, prompt shipment. Answer quick."

From appellant : " You are too high; we are buying at twenty-six half. Wire quick."

From appellee : " Accept your offer on white and yellow corn, thirty cars, prompt shipment."

From appellant : " Ship at once."

Nothing is in dispute but the words "at once;" do they mean, not that the appellant accepted "prompt shipment," but made a counter proposition for shipment "at once?" The words "at once" have no peculiar meaning, only their ordinary meaning in the trade; "immediate shipment" is the phrase used in contradistinction to "prompt shipment" for shipping forthwith.

Going back to the telegrams, it will be seen that the only matter of negotiation between the parties was price. Twice the appellee had used the words " prompt shipment." In replies no notice was taken of them by the appellant. Had the appellant replied simply " ship," it would not be contended that such reply meant a hastening of the shipment, and we regard the addition of the words " at once " only as a sort of urging the appellee to be as " prompt " as circumstances would permit.

" If a contract contains ambiguous words, or words of doubtful construction, such are to be construed most strongly against the party who executed the contract.

If the contracting party uses, over his own signature, language of doubtful meaning, he can not complain when the construction is favorable to the other contracting party, who is not presumed to have chosen the expression of doubtful meaning." Massie v. Belford, 68 Ill. 290.

We think the appellee had the right to rely upon the last dispatch from the appellant as an acceptance of "prompt shipment," and the judgment is affirmed.