## Myra J. Eldridge v. Carolyn M. Kay, Administratrix.

### Gen. No. 12,235.

1. PROMISSORY NOTE—"*dollars*" *supplied in, by construction.* By construction, the word "dollars" is supplied after the words "one thousand" in the promissory note involved in this suit.

2. PROMISSORY NOTE—*effect of introduction of, in evidence.* The introduction of a promissory note is *prima facie* evidence that the payor is indebted to the payee in the amount specified therein.

Contest in court of probate. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the March term, 1905. Reversed and remanded. Opinion filed January 4, 1906.

LACKNER, BUTZ & MILLER, for appellant.

ERNEST SAUNDERS, for appellee.

Eldridge v. Kay.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The appellee, as administratrix of the estate of Adelbert J. Eldridge, appealed to the Circuit Court from an order of the Probate Court, allowing a claim of appellant against said estate for the sum of $1,297.50. The Circuit Court, on motion of appellee's counsel, instructed the jury, at the close of the evidence, to find the issues for appellee, which was done and judgment was rendered against appellant for costs.

The claim of appellant is on the following note:

"Chicago, Jan. 1st, 1900.

For value received I promise to pay Myra J. Eldridge One Thousand with interest from date, at seven per cent, one year from date.

A. H. TAGGERT, M. D."

Appellee's contentions are:

"1.   That the document sued upon is fatally defective in not stating any amount to be paid, either in cash or personal property.

2.   That a total want of consideration is shown.

3.   That if the two first points are conceded to be in favor of appellant the evidence shows a full payment.

4.   That no binding delivery was made."

There are affixed to the note two 2 cent and one 10 cent U. S. revenue stamps, cancelled January 1, 1900. The note was put in evidence. The objection is that there is nothing in the note to indicate what is meant by the words "one thousand," and counsel refer to section 3 of the statute in relation to negotiable instruments, by which it is provided:

"All promissory notes, bonds, due bills and other instruments in writing, made or to be made, by any person, body politic or corporate, whereby such person promises or agrees to pay any sum of money or articles of personal property,

or any sum of money in personal property, or acknowledges any sum of money or article of personal property to be due to any other person, shall be taken to be due and payable, and the sum of money or article of personal property therein mentioned shall, by virtue thereof, be due and payable as therein expressed."

This section has been in force since 1845. Rev. Statutes 1845, p. 384, sec. 3.

In Beardsley v. Hill, 61 Ill., 354, decided in 1871, the note sued on was as follows:

"191.50                           Chicago, August 8, 1855.
Ten days after date I promise to pay Thomas E. Hamilton, or order, one hundred and ninety-one, fifty cents, for money borrowed.
                              H. H. Beardsley."

The court, Thornton, J., delivering the opinion, said: "In the case under consideration, the note must mean one hundred and ninety-one dollars and fifty cents, or it is unmeaning. Our currency consists of dollars and cents. That sum is not fifty cents, for then the words 'one hundred and ninety-one' would be useless," and the court held that the legal intendment was in favor of the construction that the note was for $191.50.

In the present case, it is evident that the note was given for money, because it provides for interest at seven per cent, and interest cannot be calculated on personal property. We also think the word "pay," which is rarely, if ever, used in reference to the delivery of personal property, significant. Twenty cents in stamps was the amount required, by act of Congress, to be affixed to a note for $1,000, and the fact that the maker placed such stamps on the note indicates his intention that the note should be for $1,000.

In Massie v. Belford, 68 Ill., 290, the note sued on was as follows:

"Golconda, Ill., Nov. 6, 1867.

On or by the first of March, eighteen and sixty-eight, I promise to pay to Jessie H. Massie $825, with interest from date, at the rate of six per cent.

JOHN BELFORD."

It was held that the word hundred should be intended next after the word "eighteen." See, also the following cases: Northup v. Sanborn, 22 Vt., 434; State v. Schwartz, 64 Wis., 432; Murrill v. Handy, 17 Mo., 406; Williamson v. Smith, 1 Cold. (Tenn.), 1; Harman v. Howe, 27 Gratt. (Va.), 676.

These cases are in full accord with the decision in Beardsley v. Hill, *supra*. We hold that the word "dollars" was intended next after the word "thousand," in the note in question, and that such must be the construction.

It is contended by appellant's counsel that the evidence shows that there was no consideration for the note and, also, that the note was paid. Whether the note was given without consideration, and whether it was paid, were questions for the jury to decide, and the evidence is not such that the court could have held, as matter of law, either that there was no consideration for the note, or that it had been paid. The note, when put in evidence by appellee, not only tended to prove her case, but was *prima facie* proof that appellant owed to her $1,000, with interest at the rate of 7 per cent per annum. In Met. El. Ry. Co. v. Fortin, 207 Ill., 454, the court say of a motion by the defendant to take the case from the jury: "Such motion presents to this court a question of law and not one of fact, and is in the nature of a demurrer to the evidence; that is, admitting the evidence in favor of the plaintiff to be true, does it, together with all legitimate conclusions which may be drawn therefrom, fairly tend to sustain the plaintiff's cause of action? If it does, then, as matter of law, the plaintiff is entitled to have his case passed on by the jury." Ib., 456. It will be observed that the court, in the language quoted, refers solely

to the plaintiff's evidence, without regard to what the defend-
ant's evidence may have been.

In Frazer v. Howe, 106 Ill., 563, 574, the court say: "It
is not within the province of the judge, on such a motion,
to weigh the evidence and ascertain where the preponder-
ance is.   This function is limited strictly to determining
whether there is, or is not, evidence legally tending to prove
the fact affirmed—i. e., evidence from which, if credited,
it may reasonably be inferred, in legal contemplation, the
fact affirmed exists, laying entirely out of view the effect of
all modifying or countervailing evidence."

We find no evidence in support of the contention that
there was no delivery of the note to appellant.   We are con-
strained to hold that the court erred in taking the case from
the jury; therefore, the judgment will be reversed and the
cause remanded; appellant to recover her costs of this court
in due course of administration.

*Reversed and remanded.*