### AYERS v. HEUSTESS.

Opinion delivered April 18, 1910.

1. CONTRACTS—CONSTRUCTION.—A written contract should be construed as a whole, and such reasonable construction placed on it as to give effect to each word and to each provision, and to make the several parts consistent with each other. (Page 495.)

2. LANDLORD AND TENANT—CONSTRUCTION OF LEASE.—Under a lease which stipulated that the tenant should pay "$160 for rent of forty acres of land at $4 per acre, more or less, known as the Dudley farm," the intention of the parties was to contract for rent at four dollars per acre, and not for a gross price for the whole tract. (Page 495.)

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*Mann & Rollwage,* for appellant.

The plain and obvious meaning of the words "more or less" is generally taken to be that the parties are to run the risk of gain or loss as there might happen to be an excess or deficiency in the estimated quantity. 19 Ark. 102; 28 Ky. 181; 41 N. E. 599; 27 Atl. 253; 22 Fed. 1192; Warvelle on Vend. § 798. The note was prepared by appellee, and, if doubtful in its meaning, will be construed most strongly against him. 90 Ark. 88; 74 Ark. 41.

*John Gatling,* for appellee.

Parol evidence is admissible to explain an ambiguous deed. 86 Ark. 169; 90 Ark. 272. It is admissible to locate the premises where the words of general description are used. 45 N. Y. S. 367; 17 App. Div. 187. The quantity of land mentioned in a deed must yield to the boundaries mentioned therein. Martin-

dale on Conveyancing, § 106. The words "more or less" are intended to prevail where the discrepancy was caused by mistake only, without fraud or deception. 4 N. J. Eq. 212; 38 Am. Dec. 514. A mistake of seven acres cannot be said to justify such a suspicion. 18 S. E. 355; 19 Ga. 600.

McCULLOCH, C. J. Appellee, W. S. Heustess, instituted this action before a justice of the peace against his tenant, Jane Ayers, to recover the sum of $27.20, alleged to be due for rent of six and four-fifths acres of land. He recovered judgment for that amount, both in the justice's court and in the circuit court on appeal. Appellant brings the case here for review.

Appellee rented to appellant a tract of land known as the Dudley land, and the latter executed a rent note in the following form:

"$160.                    Forrest City, Ark., 3, 28. 1908.

"October 15, 1908, after date, I promise to pay to the order of W. S. Heustess one hundred sixty and no-100 dollars, for rent of forty acres of land at $4 per acre, more or less, known as the Dudley Land.

"Jane Ayers."

Nothing was said at the time about surveying the land, and the quantity of land in cultivation on the place was not ascertained. In the fall of the year appellee collected $160, and demanded that the land be surveyed for the purpose of ascertaining the precise quantity which appellant had cultivated. Appellant objected, and claimed that she had paid the full amount of the stipulated rent, and declined to pay any more. The land was surveyed, and it was ascertained that appellant had cultivated forty-six and four-fifths acres. The decision of this case turns on a construction of the written contract—whether it specified the gross rental price of $160 for the whole tract of 40 acres, more or less, or whether it meant that the price should be $4 per acre for the actual quantity of land contained in the tract.

In the first place, the words "more or less" should be held to refer to the quantity of the land. This is the construction which the parties obviously intended, and which counsel on both sides now concede was intended. These words in the contract are treated as transposed so as to read, "for rent of 40 acres of land, more or less, known as the Dudley land, at $4 per acre."

It is a familiar canon of construction that a written instrument should be considered as a whole, and that such construction should be placed on it, when reasonable, as to give effect to each word and to each provision, and to make the several parts consistent with each other. Now, if appellant's construction of the contract be accepted, no effect at all is given to the specification as to the price per acre, and that part of the contract is entirely ignored. Of course, if the words "at $4 per acre" had been omitted, so as to make it a promise to pay $160 for rent of forty acres of land, more or less, then it should probably be construed to mean that that was the stipulated price for the rent of the whole tract of land, regardless of the precise number of acres. But when the parties put in the price per acre, it is manifest that they meant to fix the price by the acre, and to regulate the gross rental price by the number of acres. In other words, they meant to contract for four dollars per acre for each acre of the land, and not for a gross price for the whole tract. If the tract of land had turned out to contain less than forty acres, appellant could not have been required under the contract to pay more than four dollars per acre, notwithstanding the statement in the contract of the gross amount of $160. On the other hand, since it is ascertained that the tract contained forty-six and four-fifths acres, she is obligated by the contract to pay four dollars per acre for it it.

We are not unmindful of the general rule in construing deeds that the addition of the words "more or less" to the specification of quantity is usually held to be merely precautionary, and intended to cover slight and unimportant inaccuracies, and that their use does not alter the meaning of the instrument as to the number of acres covered by the contract. Doubtless, the same rule of construction ought to be adopted with reference to a lease. But we think that the rule does not apply to the interpretation of this contract, which, when read and considered as a whole, meant to stipulate for the payment of the price per acre, and not the gross price for the whole tract.

Judgment affirmed.