The judgment is affirmed.

*Affirmed.*

---

### Ed. Finch, Plaintiff in Error, v. J. W. McIntosh, Defendant in Error.

1. CONTRACT—*to dig well.* Where a contract to drill a well has been written by the person agreeing to perform the work, it will be construed most strongly against him on the point as to whether or not certain language amounts to a guaranty of the quality of the water.

2. CONTRACT—*when not guaranty of quality of water.* Where a person has written a contract whereby he agrees to drill a well which shall furnish a "good and sufficient supply of water," the word "good" does not qualify the word "water" so as to amount to a guaranty of the quality of the water.

Action on written contract. Error to County Court of McDonough county; the Hon. CONRAD G. GUMBARDT, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed December 13, 1911. Rehearing denied April 3, 1912.

FLACK & LAWYER, for plaintiff in error.

ELTING & HAINLINE, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit originally instituted before a justice of the peace by plaintiff to recover $168.50 from defendant. From the judgment of the justice an appeal was taken to the county court, where the court at the close of the evidence directed a verdict for the defend-

ant on which judgment was rendered, and plaintiff prosecutes this writ of error. There is no controversy over the facts. On June 16, 1910, the parties to the suit entered into a written contract under which Finch agreed to bore or drill a well and furnish the casings, at his own expense, on the premises of McIntosh, at a point selected by McIntosh, at an agreed price per foot. The contract was prepared by and is in the writing of McIntosh. The conclusion of the contract is: "It is further agreed that the well must furnish a good and sufficient supply of water for the use of said McIntosh for his house, outbuildings and stock, before he is liable for any costs of any kind or description thereon. Payment is due when well is completed in good shape by said, Finch and water supply proved." It is over the meaning and construction of these sentences that the controversy arises.

Finch drilled a well under the contract and reported to McIntosh that he had struck water; a pump was installed and the well was tested. It is not controverted but that the well furnished a sufficient supply of water, but the water contained sand and mud. McIntosh refused to accept the well in that condition and insisted that the casing, which had been extended down to the solid rock, should be extended into the rock so as to shut off the sandy and muddy water, and the drilling continued until good water was obtained. This Finch refused to do, insisting he had fully complied with his contract and that he is entitled to be paid the agreed compensation.

A written contract by which a party agrees to sink a well that will supply a given quantity of water, does not require that the water shall be potable and fit for washing and making steam, although the well digger knew the well was sunk for a hotel keeper and that he desired water of that character for hotel purposes. American Well Works v. Rivers, 36 Fed. R. 880. In

a contract to dig or bore a well there is no implied warranty that. water will be obtained, but only that the work will be done in a workmanlike manner. Butler v. Davis, 119 Wis. 166; Lemke v. Hage, 142 Wis. 178.

The contract sued upon having been prepared and written by the defendant, if the language is uncertain and the intention obscure and open to construction, as to whether the language used constitutes a guarantee of the quality of the water, it must be construed most strongly against him. Massie v. Belford, 68 Ill. 290; Rankin v. Rankin, 216 Ill. 132. The solution of the question involved depends upon the grammatical construction of the words "good and sufficient supply of water." Does the word "good" qualify the word "supply" or the word "water"? If it qualifies the word "supply," then the direction of a verdict for the defendant was erroneous, if it qualifies the word "water" then the direction of the verdict for the defendant was correct. The words "good" and "sufficient" are adjectives qualifying the word "supply." "Of water" is a prepositional phrase modifying the word "supply." The words "good and sufficient" have no reference to the quality of the water, and there is nothing in the contract having any reference to the quality. In a contract to convey land by a "good and sufficient deed" the words good and sufficient relate only to the validity of the deed to pass the title which the grantor had and do not imply that the title is valid or free from incumbrance, unless there is something in the agreement or attendant circumstances to show that the parties intended a good title to pass. Tinney v. Ashley, 16 Pick. 546; Bowen v. Vickers, 1 Green's Chy. 520; Barrow v. Bispam, 6 Halst. 199. If the defendant desired a particular quality of water he should have provided therefor in the contract. The judgment is reversed and the cause remanded.

*Reversed and remanded.*