Elsie M. Schultz, Appellee, v. Andrew Charleston, Appellant.

Gen. No. 34,676.

52

Opinion filed March 24, 1931.

McElroy, Ehrhardt & Quigley, for appellant; Hymen S. Gratch, of counsel.

Francis J. Sullivan, for appellee.

Mr. Presiding Justice Scanlan delivered the opinion of the court.

Elsie M. Schultz, plaintiff, sued Andrew Charleston, defendant, in the municipal court of Chicago in a fourth class contract action. The case was tried by the court and there was a finding against defendant, and plaintiff's damages were assessed at the sum of $270. Judgment was entered on the finding and defendant has appealed.

Plaintiff sued to recover for rent alleged to be due her for certain premises, under a written lease dated April 16, 1928, and for $20 attorney's fees, as provided in the lease. Defendant, in his affidavit of merits, denies "that there is any money due plaintiff as lessor from defendant as lessee for the premises mentioned in the plaintiff's statement of claim under a lease dated April 16, 1928," and further denies "that there is any lease dated April 16, 1928, or any other date to said premises in which plaintiff is named as lessor and defendant as lessee." Plaintiff offered in evidence a lease dated April 16, 1928, "between Andrew Charleston party of the first part, lessor and Elsie M. Schultz party of the second part, lessee," for the premises: "Flat number second flat on the second floor of building known as 1739–41 Gregory Str. including one car private stall in garage," which was signed by plaintiff, by "Richard A. Schultz, Mgr.," and defendant. The undisputed evidence shows that

plaintiff owned the premises in question and that from May 1, 1928, to the latter part of October, 1928, defendant occupied them as tenant and during that entire period paid $90 a month rent to Richard A. Schultz, the father of plaintiff and her agent, and that in the latter part of October, 1928, defendant moved from the premises, whereupon plaintiff put a ''For Rent'' sign on the premises and tried to rent the same. Defendant admitted signing the lease and that from May 1, 1928, until the latter part of October, 1928, he lived in the premises described in the lease and that ''the rent for the flat was $90.00 a month. From May, 1928 up to and including October, 1928, I paid the rent to Richard A. Schultz for Elsie M. Schultz. I did not pay after October, 1928.'' When plaintiff offered the lease in evidence defendant objected to its admission upon the following grounds: ''The lease offered here in evidence is not the lease sued upon; there is a variance, and parol or extrinsic evidence is not admissible to show that Elsie M. Schultz is the lessor and Andrew Charleston is the lessee, as that would be varying the terms of a written instrument. *That is our only contention in this case.''* The lease was admitted in evidence.

Defendant contends that before plaintiff can sue him for rent, under the lease, it is necessary for plaintiff to have a court of chancery reform the lease, and that therefore the trial court erred in admitting it in evidence over the objection of defendant.

That defendant owes rent under the lease, if the lease can be enforced in the present proceeding in law, is not disputed. In his argument defendant does not question that plaintiff, as a matter of fact, was the lessor and defendant the lessee of the premises and that the scrivener made a mistake of fact in naming defendant as the lessor and plaintiff as the lessee, but he takes the bold position that before plaintiff

can obtain a judgment against him under the lease, she must go into a court of chancery and have the lease reformed; that the instant mistake, however obvious it may be from the evidence in the case, cannot be disregarded by a court of law, "unless from other parts of the instrument, there can be no doubt of the intention of the parties." The second clause of the lease states "that *he* has examined and knows the condition of said premises and has received the same in good order and repair," etc. The fourth clause states "that *he* will not allow said premises to be used for any purpose that will increase the rate of insurance thereon," etc. The tenth clause states "that *he* will not permit anything to be thrown out of the windows, or down the courts or light shafts in said building," etc. The lease was signed for Elsie M. Schultz by "Richard A. Schultz, Mgr." and it provides that the rent shall be payable in monthly instalments of $90 each in advance, upon the first day of each and every month of said term, "*at the office of Richard A. Schultz, Manager.*" On the back of the lease plaintiff appears as the lessor and defendant as the lessee. We do not hesitate to hold, especially in view of the admissions of defendant in this case, that the lease is ambiguous on its face as to who was the lessor and the lessee and that therefore parol evidence was admissible to clear up the uncertainty. It will be noted that the parol evidence introduced as to which one of the subscribing parties to the lease was, in fact, the lessor and which one was the lessee, did not involve a disputed question of fact, and that defendant's admissions, alone, made clear the uncertainty in the lease. "The object in construing a lease is to ascertain and give effect to the intention of the parties, without regard to the refinements of technical distinctions, in so far as that may be done without contravention of legal principles. The intention of the parties is

to be gathered from the words which have been employed in connection with the subject matter, the object and purpose of the lease, and the surrounding circumstances." (35 C. J. 1175.) "In giving effect to the intention of the parties as indicated by the instrument, particular words may sometimes be supplied, substituted, *or transposed.*" (Ib. 1179. Italics ours. See also *Ayers v. Heustess,* 94 Ark. 493, 127 S. W. 957; *Union Water Power Co. v. Lewiston,* 95 Me. 171.) "Where the language of a lease is ambiguous, the intention of the parties may be ascertained by a consideration of the surrounding circumstances existing at the time of its execution. For this purpose the court will place itself as nearly as possible in the position of the parties when the instrument was executed. Where the language of the deed is ambiguous, the court may consider the situation of, and the relations between, the parties; the situation, character and surroundings, and the condition, of the property; also the object of the lease, or the purpose which the parties sought to accomplish. . . . Where there is uncertainty or ambiguity as to the meaning of any provisions of the lease, the practical construction put upon such provision by the parties to the lease should be given due weight by the court in construing the lease." (35 C. J. 1180, and cases cited. See also *Rector v. Hartford Deposit Co.,* 190 Ill. 380, 384.) "Where, by an obvious error, the parties (to a contract) are misdescribed, although the true sense of the contract is apparent, it will be given the effect intended, as, for example, where, by an evident transposition, the words 'parties of the first part' are used for 'parties of the second part.' " (13 C. J. 573, and cases cited. See also *Castelli v. Burns,* 140 N. Y. S. 1057.) In *Union Water Power Co. v. Lewiston, supra,* the court, in holding that in interpreting the lease in question certain words in it should be transposed,

said (p. 178): "To effectuate the intentions of the parties, the contract should be read as 'pumping and distributing the said water from the said river or from Wilson Pond.' Such transposition of the words of the lease will effectuate the evident intention of both parties, at the time the lease was executed, and is in harmony with the general scope, spirit and purpose of the lease. An opposite construction would defeat the object for which Lewiston paid $200,000, and allow an unconscionable advantage to the plaintiff." " 'The intention of the parties may be ascertained by evidence of extrinsic circumstances which surround the transaction; the court thereby placing itself in the situation of the contracting parties whose language it is called upon to construe. The circumstances and situation of the parties thus become a medium through which their intentions may be discovered.' *Corbett v. Berryhill,* 29 Iowa, 160." (*Rapp v. Linebarger,* 149 Iowa 429, 434.) "It is not the policy of courts to give such a construction to contracts as will defeat the ends of justice upon a technical question, but rather enforce contracts according to the intention of the makers thereof, when, as in this case, the intent is so apparent." (*Massie v. Belford,* 68 Ill. 290, 292.) "Inaccuracy of language which results from inserting a word not meant, or using the wrong word, will not be permitted to defeat the intention, when it can be distinctly ascertained. (Bishop on Cont. sec. 383.)" (*Packer v. Roberts,* 140 Ill. 9, 16.)

There is another strong reason why the contention of defendant is without merit. The evidence of both parties shows that plaintiff was the landlord and defendant the tenant, that there was a mistake made in the lease, and that it was intended that plaintiff should be named therein as lessor and defendant as lessee. Under such a state of the proof it would be a serious reflection upon the law if it should compel plaintiff to

have the lease reformed by a court of chancery before it would give a judgment against defendant for the amount of the rent that defendant admits will be due plaintiff when the lease is reformed.

The judgment of the municipal court of Chicago will be affirmed.

*Affirmed.*

GRIDLEY and KERNER, JJ., concur.